IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MYRTIS PAULO HART,

        Plaintiff,

vs.                                              No. CV 21-01137 MV/CG

TRANSITION FOR LIVING,

        Defendant.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

THIS MATTER is before the Court *sua sponte* under Rule 41(b) of the Federal Rules of Civil Procedure on the Claim for Damage, Injury, or Death (Doc. 1) ("Complaint") filed by Plaintiff Myrtis Paulo Hart. The Court will dismiss the Complaint without prejudice for failure to comply with a Court order, failure to comply with statutes and local rules, and failure to prosecute this proceeding.

This is one of the many cases that Plaintiff has filed in this Court.[1] Plaintiff filed his Complaint on November 22, 2021. Doc. 1. At the time of filing, Plaintiff's Complaint indicated

---

[1] *Hart v. State of New Mexico*, CV 19-00089 MV/GJF; *Hart v. Gallegos*, CV 19-00128 JCH/JFR; *Hart v. Gallegos*, CV 19-00175 RB/GBW; *Hart v. Gallegos,* CV 19-00766 JB/KBM; *Hart v. Gallegos*, CV 19-00834 MV/JHR; *Hart v. Gallegos,* CV 19-00932 MV/SCY; *Hart v. Gallegos,* CV 20-00595 WJ/SMV; *Hart v. Borne*, CV 20-00965 KG/JFR; *Hart v. McDonald's,* CV 20-01044 WJ/JFR; *Hart v. Central New Mexico Correctional Facility,* CV 20-01046 KG/GB; *Hart v. Clovis Police Department,* CV 20-01064 KG/SMV; *Hart v. Federal Bureau of Investigation,* CV 20-01141 MV/JFR; *Hart v. United States,* CV 21-0008 KG/CG; *Hart v. Lytle,* CV 21-00017 MV/GBW; *Hart v. Saavedra,* CV 21-00106 KWR/GBW; *Hart v. Guadale*, CV 21-00131 JB/SCY; *Hart v. Northwestern New Mexico Correctional Facility*, CV 21-00136 KG/KK; *Hart v. Central New Mexico Correctional Facility,* CV 21-00137 KWR//JFR; *Hart v. Northwestern New Mexico Correctional Facility,* CV 21-00186 JB/SMV; *Hart v. Curry County Adult Detention Center,* CV 21-01011 RB/KBM; *Hart v. Talin Market World Food Fare,* CV 21-01012 KG/SCY; *Hart v. Dank Smoke Shop and Grocery,* CV 21-01013 KG/GBW; *Hart v. Discount Liquors,* CV 21-01014 JCH/SCY; *Hart v. State of New Mexico,* CV 21-01048 JCH/KRS; *Hart v. Adult Probation and Parole*, CV 21-01049 JB/KBM; *Hart v. Martinez,* CV 21-01073 JB/GB; *Hart v.*

that he was incarcerated at the Curry County Adult Detention Center. *Id.* at 3. He named Transition for Living, an Albuquerque halfway house, as the sole Defendant. *Id.* at 1. The Complaint appeared to be on a federal Tort Claims Act notice. Plaintiff alleged that he was injured by Defendant "involving me in a co-conspiratorial role of placing as a participant or element for a criminal activity (Agreeing to be involved by not properly reporting a Public Nuisance, Telecommunications, Eavesdropping, Conspiracy and Commission of Tampering w/Evidence and furthermore a crime as well as Libel and Slander." *Id.* He sought damages in the amount of $80 Million. *Id.*

The Court determined that the Complaint was not in proper form. Plaintiff also did not pay the filing fee or submit an application to proceed *in forma pauperis* at the time that he filed the Complaint. The Court entered an Order to Cure Deficiency on December 2, 2021, directing Plaintiff to put his Complaint in proper form and to either pay the filing fee or submit an application to proceed under 28 U.S.C. § 1915 within 30 days of entry of the Order. Doc. 2. With the Order to Cure, the Court also provided Plaintiff with a form prisoner civil rights complaint and a form Application to Proceed in District Court Without Prepayment of Fees or Costs. *Id.* at 2. The Order advised Plaintiff that, if he failed to cure the deficiencies within the 30-day time period, the Court could dismiss this proceeding without further notice. *Id.* at 1.

Plaintiff did not comply with the Court's December 2, 2021 Order. He did not submit an amended complaint in proper form. Nor did he file an application to proceed *in forma pauperis*

---

*Summit Food Service,* CV 21-01074 MIS/LF; *Hart v. Sellers*, CV 21-01075 MV/KK; *Hart v. Curry County Adult Detention Center,* CV 21-01078 MV/SMV; *Hart v. Curry County Adult Detention Center,* CV 21-01079 KG/KRS; *Hart v. Seven-Eleven*, CV 21-01105 KG/GJF; *Hart v. WalMart*, CV 21-01107 MV/KRS; *Hart v. Sahara Hotel,* CV 21-01108 JB/KRS; *Hart v. Federal Bureau of Investigation,* CV 21-01124 KG/SCY; *Hart v. Foot Locker Corporation,* CV 21-01135 MIS/GBW; *Hart v. Lil Caesars,* CV 21-01136 KWR/KBM; *Hart v. Transition for Living,* CV 21-01137 MV/CG; *Hart v. Fairfield (Hotel)*, CV 21-01161 WJ/SCY.

or pay the filing fee as required by 28 U.S.C. §§ 1914 and 1915. Mail sent to Plaintiff at his Curry County Adult Detention Center address was returned as undeliverable. Docs. 3, 4, 5. Plaintiff has not communicated with the Court in this case since filing of the Complaint on November 22, 2021.

Although Plaintiff did not give any notice that his address had changed, the Court, on its own initiative, searched the Curry County Adult Detention Center and New Mexico Department of Corrections' records, confirmed that Plaintiff had been released from Curry County Adult Detention Center on November 21, 2021, confirmed that Plaintiff was incarcerated at Central New Mexico Correctional Facility, and changed Plaintiff's address of record to Central New Mexico Correctional Facility. Subsequently, mail sent to the Central New Mexico Correctional Facility address for Plaintiff in several of his other cases was returned as undeliverable.[2] A search of the New Mexico Department of Corrections records disclosed that Plaintiff has now been released from the Central New Mexico Correctional Facility, is no longer in custody of the Department of Corrections, and his whereabouts is unknown.

Pro se litigants are required to follow the federal rules of procedure and simple, nonburdensome local rules. *See Bradenburg v. Beaman*, 632 F.2d 120, 122 (10th Cir. 1980). The Local Rules require litigants, including prisoners, to keep the Court apprised of their proper mailing address and to maintain contact with the Court. D.N.M. LR-Civ. 83.6. Plaintiff has failed to keep the Court advised of his address and or maintain communication with the Court, in violation of the Local Rules. Nor has Plaintiff submitted a complaint in proper form as ordered by the Court on December 2, 2021, *see* Doc. 2, or applied to proceed *in forma pauperis* or pay the filing fee as required by 28 U.S.C. §§ 1914 and 1915. For these reasons, the Court will dismiss

---

[2] See, e.g., CV 21-01049 DHU/KBM, CV 21-01073 JB/GBW, CV 21-1075 MV/KK, CV 21-01011 RB/KBM, CV 21-01079 KG/KRS, CV 21-01137 MV/CG, CV 21-01161 DHU/SCY.

this civil proceeding pursuant to Rule 41(b) for failure to comply with the Court's Order of December 2, 2021, failure to comply with statutes and local rules, and failure to prosecute this proceeding. *Olsen v. Mapes,* 333 F.3d 1199, 1204, n.3 (10th Cir. 2003).

**IT IS ORDERED** that the Claim for Damage, Injury, or Death (Doc. 1) filed by Plaintiff Myrtis Paulo Hart is **DISMISSED** without prejudice under Rule 41(b) of the Federal Rules of Civil Procedure.

_____
MARTHA VAZQUEZ
SENIOR UNITED STATES DISTRICT JUDGE